UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-21735

ALEXANDER ESQUIVEL,

    Plaintiff,

vs.

SPEEDWAY LLC, d/b/a
SPEEDWAY #6913
A Foreign Limited Liability Company,
    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, SPEEDWAY, LLC ("SPEEDWAY"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. SPEEDWAY is without knowledge as to the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof.

2. Denied and strict proof demanded thereof as this case has been removed to the United States District Court for the Southern District of Florida. It is admitted that the United States District Court for the southern District of Florida is a proper forum for this case.

3. SPEEDWAY is without knowledge as to the allegations contained in Paragraph 3 of the Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof.

4. Admitted.

5. It is admitted that SPEEDWAY carried on business at the subject location in Homestead, Florida, only. Otherwise, denied as this case has been removed to the United States District Court for the Southern District of Florida. It is admitted that the United States District Court for the southern District of Florida is a proper forum for this case.

6. SPEEDWAY is without knowledge as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, and therefore, denies same and demands strict proof thereof.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT

SPEEDWAY restates and reincorporates all responses in paragraphs 1 through 6 above as if fully stated herein.

7. Admitted.

8. Speedway admits only those duties imposed by law. Otherwise, denied and strict proof demanded thereof.

9. Denied and strict proof demanded thereof.

10. Denied and strict proof demanded thereof.

11. Denied and strict proof demanded thereof.

12. Denied and strict proof demanded thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This Defendant alleges that at the time and place alleged in the Complaint, the Plaintiff, ALEXANDER EXQUIVEL, was guilty of negligence, which proximately caused or contributed to her injuries and damages, if any. The Defendant, therefore, states that in the event the Plaintiff is entitled to recover, which the Defendant denies, the extent of any recovery should be reduced and affected by the degree of negligence which Plaintiff contributed to this incident, under the doctrine of comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

The Defendant alleges that if some or all of Plaintiff's special damages have been paid by collateral sources of indemnity as defined by Florida Statute 768.76, or are payable, Plaintiff is

not entitled to duplicate recovery of these amounts or, in the alternative, evidence of collateral source payments and payments from non-collateral sources should be submitted to the jury. Additionally, Plaintiff is not entitled to recover the amounts of any managed care adjustments or write-offs made by ALEXANDER EXQUIVEL'S healthcare providers to her medical bills, in accordance with billing requirements or guidelines of: (1) her health insurer, (2) Medicaid, (3) Medicare, or (4) any other third party payor. See, *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So.2d 547 (Fla. 4th DCA 2003); *Cooperative Leasing, Inc. v. Johnson*, 872 So.2d 956 (Fla. 2d DCA 2004); *Boyd v. Nationwide Mutual Fire Ins. Co*., 890 So.2d 1240 (Fla. 4th DCA 2005); *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005). In the alternative, Defendant is entitled to a pre-trial reduction or in the alternative a post-trial set-off in the amount of any write-offs or adjustments to Plaintiff's medical bills made by Plaintiff's health care providers in accordance with their managed care or other agreements with Plaintiff's HMO, health insurer, Medicaid, Medicare, or any other third party payor.

### THIRD AFFIRMATIVE DEFENSE

The Defendant alleges that the Plaintiff has had, and continues to have, a duty to mitigate any damages which resulted from the alleged accident. To the extent that the Plaintiff has failed to mitigate her damages, the Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant alleges that it had neither actual nor constructive notice of any alleged dangerous or defective condition referred to in the Complaint and any alleged condition was open and obvious.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant alleges that Plaintiff's knowledge of any alleged condition was superior to or at least equal to the Defendant's alleged knowledge, if any. Thus, the Defendant had no duty to warn Plaintiff of any such condition.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the alleged incident involves a transitory foreign substance, the Defendant asserts the provisions contained in Fla. Stat. §768.0755, including but not limited to this statute's burden of proof requirements.

Defendant reserves the right to amend its affirmative defenses at a later date pursuant to the applicable Federal Rules of Civil Procedure.

### DEMAND FOR JURY TRIAL

The Defendant demands trial by jury as to all issues so triable as a matter of right.

Respectfully Submitted,

/s/ *Daniel Gomez*
Daniel Gomez, Esquire
Florida Bar No.: 027816
Litchfield Cavo, LLP
600 Corporate Drive Suite 600
Ft. Lauderdale, FL 33334
954/689-3000 | Fax: 954/689-3001
Gomez@litchfieldcavo.com
Ardito@litchfieldcavo.com

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 2nd day of May, 2019, we electronically filed the foregoing with the Clerk of the Courts using CM/ECF. I also certify that the foregoing document is being served this date on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

/s/ *Daniel Gomez*
Daniel Gomez, Esq.

## SERVICE LIST

Irwin Ast
Law Offices of Irwin Ast
2121 SW 3rd Ave., Suite 401
Miami, FL 33129
(305) 661-6000
Irwin@astlawfirm.com
Pleadings@astlawfirm.com
Leidy@astlawfirm.com